# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| American Heritage Life Insurance Company,<br><br>   Interpleader Plaintiff,<br><br>v.<br><br>Diane Schwartz (fka Diane Fliris) and Cindy Fliris,<br><br>   Interpleader Defendants. | Court File No. _____<br><br>**INTERPLEADER COMPLAINT** |

  Interpleader Plaintiff American Heritage Life Insurance Company ("AHL"), for its Complaint for Interpleader against Interpleader Defendants Diane Schwartz (fka Diane Fliris) ("Schwartz") and Cindy Fliris ("Fliris"), states as follows:

  1. AHL is a corporation organized under the laws of the State of Florida with its principal place of business in the State of Florida.

  2. Defendant Schwartz resides at 210 Talon Drive, Valparaiso, IN 46385 and is a citizen of the State of Indiana.

  3. Defendant Fliris resides at 8502 E. Amber Lake Road, Lac Du Flambeau, WI 54538 and is a citizen of the State of Wisconsin.

  4. Through his employer Nipsco, Security Life of Denver Insurance Company issued Payroll Deduction Life Insurance Policy No. 0457018740 (the "Policy") to John M. Fliris ("the Decedent") with an effective date of March 1, 1994.

3144007

5. On September 30, 1997, Security Life of Denver Insurance Company entered into a co-insurance agreement and ceded its insurance policies, and all rights, benefits and obligations attendant thereto, to AHL.

6. The Decedent was married to Schwartz through September 28, 1990.

7. The Decedent identified Diane Fliris (nka Diane Schwartz) as the beneficiary to the Policy proceeds.

8. The Decedent married Fliris on October 11, 1997.

9. The Decedent died on February 2, 2025.

10. At the time of his death, the Policy beneficiary designation was unchanged.

11. The amount of life insurance proceeds payable under the Policy is $50,000 (the "Benefits").

12. The Policy is part of an Employee Welfare Benefit plan sponsored by Decedent's employer Nipsco for the benefit of its eligible employees.

13. The Policy and any claims to the Benefits are regulated by the Employee Retirement Income Security Act of 1974 ("ERISA").

14. The Court has original jurisdiction pursuant to 29.U.S.C. §1451(c) and 28.U.S.C. § 1331.

15. The Court also has original jurisdiction pursuant to 28 U.S.C. § 1335, in that minimal diversity exists between the two claimants to the Benefits and the value of the Benefits exceeds $500.

16. This Court has personal jurisdiction over Defendants pursuant to 28 U.S.C. § 2361.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1397 because one or more of the Defendants resides in this judicial district.

18. Pursuant to Wis. Stat. § 766.31, assets acquired during marriage may be owned by both spouses.

19. Fliris and Schwartz have competing claims to the Benefits.

## COUNT I: INTERPLEADER
### (Declaratory and Injunctive Relief)

20. AHL incorporates by reference its allegations in Paragraphs 1 through 19 of the Complaint as if set forth herein.

21. AHL claims no interest in the Benefits and is an impartial and disinterested stakeholder.

22. AHL is in doubt as to which of the Defendants is entitled to receive the Benefits.

23. Given the competing claims, disbursement of the Benefits, or a portion thereof, to any of the Defendants will potentially expose AHL to double or multiple liability.

24. A just and expeditious determination of the proper beneficiary of the Benefits requires the Defendants to interplead and litigate their claims to the Benefits.

25. AHL is ready, willing and able to deposit the Benefits with the Court.

26. AHL seeks leave to deposit the Benefits into the Court, to be absolved of all obligations to the competing claimants, and to be discharged from all liability with respect to the Benefits payable under the Policy.

**WHEREFORE,** AHL requests the following relief:

      a.      An Order enjoining the Defendants, their agents, attorneys, and assigns, from instituting or prosecuting any action in any federal, state, or administrative forum against AHL relating to the Policy or the Benefits pursuant to Decedent's death;

      b.      An Order granting leave to AHL to deposit into the Court $50,000.00, plus any applicable interest, through the date the Benefits are delivered to the Court;

      c.      An Order awarding AHL its reasonable attorneys' fees and costs, which shall be deducted from the amount to be deposited with the Court;

      d.      An Order discharging AHL from all liability relating to the Policy and the Benefits;

      e.      An Order dismissing AHL from this Action with prejudice;

      f.      An Order requiring the Defendants, and any other entity or individual claiming entitlement to all or some portion of the Benefits, to interplead their respective claims under the Policy; and

      g.      An Order granting AHL such other and further relief as the Court deems just and equitable.

**DEWITT LLP**

Dated:  November 19, 2025

By: /s/ *Terrance J. Wagener*
Terrance J. Wagener (#1038559)
901 Marquette Avenue, Suite 2100
Minneapolis, Mn 55402
(612) 305-1400
Twagener@dewittllp.com

3144007